IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LOVITT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0175-BD |
| | § | |
| TEXAS GUARANTEED STUDENT | § | |
| LOAN CORPORATION | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This declaratory judgment action is before the court on cross-motions for summary judgment. At issue is whether defendant may garnish plaintiff's wages to collect a $3,935.30 state court judgment in a suit arising out of the default of a federally guaranteed student loan. For the reasons stated herein, defendant's motion is granted and plaintiff's motion is denied.

I.

On August 8, 1982, Plaintiff Michael Lovitt obtained a $2,500 student loan from Defendant Texas Guaranteed Student Loan Corporation.[1] (*See* Plf. App., Exh. 6). When plaintiff defaulted on his payment obligations, defendant filed suit in Texas state court. On November 6, 1987, defendant obtained a judgment against plaintiff in the amount of $3,935.30, together with interest at the rate of 9% per annum from the date of judgment until paid in full. (*Id.*, Exh. 5). Although defendant filed an abstract of judgment in the county of plaintiff's residence, it never obtained a writ of execution. (*Id.*, Exh. 4; Def. App. at 3, ¶ 9). That resulted in the judgment becoming dormant on

---

[1] Defendant is a public, nonprofit corporation that participates in the federal student loan program under an agreement with the Department of Education. (*See* Def. App. at 2, ¶ 4).

November 7, 1997--10 years after it was rendered.  Nor has defendant filed an action to revive the judgment.  (Def. App. at 3, ¶ 9).  Despite the fact that this judgment is now void under Texas law, defendant is collecting the debt through an administrative garnishment order issued pursuant to 20 U.S.C. § 1095a.[2]  (Plf. App., Exh. 1).

Plaintiff now seeks a declaratory judgment that the state court judgment is void and uncollectable.[3]  Defendant counters that federal law, which eliminates all statutes of limitations and similar defenses for collection of student loans, controls.  The issues have been fully briefed by the parties and this case is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Where, as here, a case is presented by way of cross-motions for summary judgment, each movant has the burden of producing evidence to support its motion.  A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  By contrast, a party

---

[2]  Section 1095a provides that

> Notwithstanding any provision of State law, a guaranty agency, or the Secretary in the case of loans made, insured or guaranteed under this subchapter and part C of subchapter I of chapter 34 of Title 42 that are held by the Secretary, may garnish the disposable pay of an individual to collect the amount owed by the individual, if he or she is not currently making required repayment under a repayment agreement with the Secretary, or, in the case of a loan guaranteed under part B of this subchapter on which the guaranty agency received reimbursement from the Secretary under section 1078(c) of this title, with the guaranty agency holding the loan, as appropriate . . .

20 U.S.C. § 1095a(a).

[3]  Plaintiff originally filed this action in Texas state court.  Defendant timely removed the case to federal court because plaintiff seeks to nullify an administrative wage withholding order issued pursuant to federal law.  *See Gorka v. United States Dept. of Education*, 2004 WL 2658071 at *2 (N.D. Ill. Oct 13, 2004).

seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

III.

Plaintiff contends that the state court judgment is no longer valid because defendant never obtained a writ of execution and the time limit for reviving the judgment has expired. Under Texas law, a judgment becomes dormant unless a writ of execution is issued within 10 years after the judgment is rendered. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (Vernon 1997). A dormant judgment may be revived only by filing an action "not later than the second anniversary of the date that the judgment becomes dormant." *Id.* § 31.006. Once this limitations period has passed, "the final judgment will have become void of lawful effect by operation of law." *Huff v. Huff*, 648 S.W.2d 286, 288 (Tex. 1983). Because the dormant state court judgment was not revived prior to the expiration of the two-year statute of limitations, plaintiff maintains that defendant cannot collect the judgment or the underlying student loan debt through an administrative garnishment order.

This argument is contrary to the plain language of 20 U.S.C. § 1091a, which provides, in pertinent part:

> Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by . . . a

> guaranty agency that has an agreement with the Secretary [of Education] under section 1078(c) of this title that is seeking the repayment of the amount due from a borrower on a loan made under part B of this subchapter [IV] after such guaranty agency reimburses the previous holder of the loan for its loss on account of the default of the borrower.

20 U.S.C. § 1091a(a)(2)(B). Most federal courts, including the Fifth Circuit, have interpreted section 1091a as retroactively eliminating all limitations and laches defenses for the collection of student loan debts. *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001); *see also United States v. Distefano*, 279 F.3d 1241, 1243 (10th Cir. 2002); *Millard v. United Student Aid Funds, Inc.*, 66 F.3d 252, 252 (9th Cir. 1995); *United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994); *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993); *United States v. Hodges*, 999 F.2d 341, 341-42 (8th Cir. 1993). Such a holding is consistent with the express purpose of the statute, which is "to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced." 20 U.S.C. § 1091a(a)(1).

Plaintiff asserts that the preemptive effect of section 1091a applies only to "statute[s], regulation[s], and administrative limitation[s]," not to defenses arising under state common law. (*See* Plf. MSJ Br. at 5). This argument is unconvincing given that the Fifth Circuit has held that the statute "eliminates *all* limitations defenses for collection of student debts," including the common law defense of laches. *See Lawrence*, 276 F.3d at 196 (emphasis added). Nor is the court persuaded by plaintiff's equitable argument that defendant should be "required to exercise reasonable care and diligence in the collection of loans." (Plf. MSJ Br. at 6). *See United States v. Durbin*, 64 F.Supp.2d 635, 637 (S.D. Tex. 1999) (noting that § 1091a eliminates all restrictions on the time that student loan debts can be recovered). In sum, section 1091a preempts Texas statutory and common law

governing dormant judgments.  Defendant is entitled to garnish plaintiff's wages to collect the amount due and owing on his student loan.

## CONCLUSION

Defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.  The court will dismiss this case with prejudice by final judgment issued today.

SO ORDERED.

DATED:  June 27, 2005

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE